Singh v. Bondi

BIA
Horton, IJ
A208 205 943

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand twenty-five.

PRESENT:
DENNY CHIN,
RICHARD J. SULLIVAN,
ALISON J. NATHAN,
*Circuit Judges.*

_____

JAGDEEP SINGH,
*Petitioner*,

v. 22-6576
NAC

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
*Respondent.**

_____

---

\* Pursuant to Federal Rules of Appellate Procedure 43(c)(2), Attorney General Pamela Bondi is automatically substituted for former Attorney General Merrick B. Garland as Respondent.

FOR PETITIONER:                    Anas J. Ahmed, Pannun The Firm, P.C.,
                                   Jackson Heights, NY.

FOR RESPONDENT:                    Brian Boynton, Principal Deputy Assistant
                                   Attorney General; Jessica E. Burns, Senior
                                   Litigation Counsel; John F. Stanton, Trial
                                   Attorney, Office of Immigration Litigation,
                                   United States Department of Justice,
                                   Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jagdeep Singh, a native and citizen of India, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Jagdeep Singh,* No. A208 205 943 (B.I.A. Dec. 12, 2022), *aff'g* No. A208 205 943 (Immigr. Ct. N.Y.C. Aug. 12, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

"When the decision of the BIA is consistent with the decision of the IJ, we may consider both decisions 'for the sake of completeness.'" *Singh v. Garland*, 11 F.4th 106, 112 (2d Cir. 2021) (quoting *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.

2006)).  We review the agency's factual findings for substantial evidence and questions of law and the application of law to fact *de novo*.  *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).  "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]"  8 U.S.C. § 1252(b)(4)(B).  An applicant for asylum must establish past persecution or a well-founded fear of persecution on account of a protected ground.  8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i).

Singh asserts that he is entitled to relief based on his allegations that members of the Shiromani Akali Dal Badal Party (the "Badal Party") attacked him twice on account of his membership in the Shiromani Akali Dal Amritsar ("Mann Party").  The agency did not err in concluding that the harm Singh suffered did not rise to the level of persecution and that he failed to establish a well-founded fear of persecution by showing that he could not safely relocate within India to avoid persecution.

"[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive."  *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quotation marks omitted).  A valid claim of past persecution may "encompass[] a variety of forms of adverse treatment, including non-life-

3

threatening violence and physical abuse," but the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006) (quotation marks and brackets omitted). "While 'the difference between harassment and persecution is necessarily one of degree,' . . . the degree must be assessed with regard to the context in which the mistreatment occurs." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (quoting *Ivanishvili*, 433 F.3d at 341). "The [agency] must, therefore, be keenly sensitive to the fact that a 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Id.*

As an initial matter, contrary to Singh's contention, the IJ did not apply a more stringent standard than our own by citing a Fifth Circuit case for the proposition that persecution is extreme conduct that does not include all unfair or unlawful treatment, *see Mei Fun Wong*, 633 F.3d at 72, and in any event, the BIA applied our case law in reviewing the IJ's decision. Further, the agency did not err in concluding that Singh's beatings, while reprehensible, did not rise to the level of persecution because they did not occur in the context of an arrest or

4

detention, he received brief medical treatment after only one of the incidents, and he fully recovered in a short time. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (finding no error in the agency's determination that an applicant failed to establish past persecution when "*prior* to his arrest and detention by local police, he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect"). Indeed, Singh has not alleged, let alone established, that his attackers "had any intention of arresting or detaining him." *Id.*

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which "has both a subjective and an objective component." *Huang v. U.S. I.N.S.*, 421 F.3d 125, 128 (2d Cir. 2005) (quotation marks omitted). "An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality or, if stateless, another part of the applicant's country of last habitual residence, if under all the circumstances it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(2)(ii); *id.* § 1208.16(b)(2); *see also Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006) ("Asylum in the United States is not available

5

to obviate re-location to sanctuary in one's own country."). In determining whether internal relocation would be reasonable, the IJ considers, among any other relevant factors, "whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." 8 C.F.R. §§ 1208.13(b)(3), 1208.16(b)(3).[1] "In cases in which the applicant has not established past persecution, the applicant shall bear the burden of establishing that it would not be reasonable for him or her to relocate, unless the persecution is by a government or is government-sponsored." 8 C.F.R. § 1208.13(b)(3)(i); *see id.* § 1208.16(b)(3)(i).

Singh argues that the agency erred in concluding that he could reasonably relocate within India to avoid future persecution because he established that state actors harmed him in the past and that the government could track him using his identification. But, as the agency noted, Singh was attacked by local members of a political party, and "[a]n applicant's allegation that he was persecuted by members of a political party—even one that is in power nationally or . . . is aligned

---

[1] Citations are to the regulations at the time Singh filed his application.

6

with a party in power nationally—does not establish that the applicant was persecuted by the government." *Singh*, 11 F.4th at 115 (footnote omitted). And given that Singh did not establish that government officials had targeted or threatened him and alleged, at most, that police refused to take a report that Badal Party members had beaten him, there was no basis to find that the government would use his identification to track and target him in the future. *See id.* at 116 ("While Singh testified that the police failed to assist him in connection with his report of a telephone threat, it does not follow that police in Punjab would seek to find him if he returned to the country and lived in another state or that they would assist others in doing so." (quotation marks omitted)).

Singh also contends that the agency placed excessive reliance on the State Department's Human Rights Report while ignoring contrary evidence that similarly situated Mann Party members and Sikhs face persecution. "[W]here a report suggests that, *in general*, an individual in the applicant's circumstances would not suffer or reasonably fear persecution in a particular country, the immigration court may consider that evidence, but it is obligated to consider also any contrary or countervailing evidence with which it is presented, as well as the particular circumstances of the applicant's case demonstrated by testimony and

7

other evidence." *Tian-Yong Chen v. U.S. I.N.S.*, 359 F.3d 121, 130 (2d Cir. 2004).

Singh does not cite any country conditions evidence that contradicts the State

Department Report, and a review of the record does not reveal such evidence.

Neither the State Department Report nor the other country conditions evidence in

the record shows that Mann Party members or Sikhs are targeted by the national

government or others such that Singh would be unable to relocate safely within

India.

Ultimately, the agency reasonably concluded that Singh did not establish a

well-founded fear or likelihood of persecution as required for asylum and

withholding of removal because he failed to demonstrate that he could not relocate

to avoid persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B), (b)(1)(ii), (b)(3)(i); *id.*

§ 1208.16(b)(1)(i)(B), (b)(3)(i); *see also Singh*, 11 F.4th at 118 ("An Indian citizen such

as Singh is unlikely to face persecution for his Sikh beliefs and his membership in

Akali Dal Mann and any threat faced by such an applicant in India is not country-

wide." (quotation marks and brackets omitted)).[2]

---

[2] Singh has not challenged the BIA's determination that he forfeited his claim for CAT relief, so we do not consider that claim here. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (explaining that issue exhaustion is "mandatory" when the government raises it); *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (holding that the petitioner forfeited his claim "by failing to discuss [it] anywhere in his brief").

For the foregoing reasons, the petition for review is DENIED. All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

9